STATE OF MISSOURI, Defendant in Error, v. T. B. COOPER, Plaintiff in Error,

**Kansas City Court of Appeals, April 15, 1889.**

1. **Selling Intoxicating Liquor to Student:** CONSTRUCTION OF STATUTE. The primary object of section 7276, forbidding the sale of any intoxicating liquor to any student of the state university, or any school, college, or academy in this state, is to preserve the morals of the student and the discipline of the school and it is accordingly held that a sale of such liquor to a student of the institutions named is prohibited, without regard to the age of such student.

2. ———: CONSTITUTIONALITY OF THE STATUTE. To the suggestion made, though not embraced in the case as presented, that if the law includes students over twenty-one years of age, it was unconstitutional, it is replied there is no constitutional question in the case.

*Error to the Cooper Circuit Court.*—HON. E. L. EDWARDS, Judge.

AFFIRMED.

*Cosgrove & Johnston,* for plaintiff in error.

(1) It is clear that the term student, as used in said statute, only applies to persons who are minors, that is, to persons who are under the control of parents or guardians,—such students as have parents or guardians. *Mott v. Railroad,* 48 Am. Rep. 595. (2) "In strict construction, no case is to be brought within the statute unless completely within its words." Bishop on Stat. Cr., sec. 220; *State v. Lovell,* 23 Iowa, 304. "Penal statutes which deprive men of their property and liberty and bring them into disgrace are construed strictly." *Ib.,* secs. 119-193, 222-3, 220-1; Cooley's

The State v. Cooper.

Const. Lim., p. 393. (3) If, in a criminal case requiring the strict construction of a statute, the court entertains a reasonable doubt of its meaning, this doubt will prevail in favor of the accused. *Ib.*, 218 ; *The State v. Bryant*, 90 Mo. 534. (4) Admitting, however, that it was the intention of the legislature to prohibit the sale of intoxicating liquors to students, without regard to age, is not the statute in question, at least so far as it attempts to apply to persons of full age, objectionable as class legislation, and, therefore, repugnant to general constitutional principles ? "Special privileges are always obnoxious, and discriminations against persons or classes are still more so, and, as a rule of construction, are always to be leaned against as probably not contemplated or designed." Cooley's Const. Lim., p. 393.

*Walker & Johnston*, for defendant in error.

(1) It is the duty of courts to expound and enforce the law, not to make it. Legislators are entitled to have their meaning, when ascertained, carried out. Hence, the primary object of all rules for the interpretation of statutes, is to ascertain the legislative intent. Bish. St. Cr. [ 2 Ed. ] sec. 70. And considerations of public policy are always pertinent in the interpretation. *Ib.*, sec. 82. In enacting this statute, the legislature had two objects in view ; the preservation of the morals of the student ; and the preservation of the discipline of the school. In construing this statute, reference must be had to the object which prompted and induced its enactment, and the mischief it was intended to remedy. *Neenan v. Smith*, 50 Mo. 525 ; *Spitter v. Young*, 63 Mo. 42. That it was not the intention of the legislature, to have the word " student " refer solely to minors, is evidenced by the fact that there was already a statute ( sec. 5454, amended 1885 ; Acts 1885, p. 160) on the subject of selling to minors. Bishop St.

Crimes [2 Ed.] sec. 95; *State v. Kelsey*, 89 Mo. 623. (2) We scarcely deem it necessary to argue the constitutionality of this statute. Since the decision of the supreme court of the United States, in the license cases (5 Howard, 504), no one has doubted the proposition, that the regulation of the liquor traffic was within the police powers of the states. The states can prohibit the traffic entirely, or can limit it as preferred. "To sell drams, without license, is not a privilege which either our citizens, or strangers, can enjoy in this state. The legislature has probably regarded this business as one which should receive no encouragement, because of its tendency to deprave the public morals." *Austin v. The State*, 10 Mo. 591; *State ex rel. v. Court*, 39 Mo. 521; *Beer Co. v. Massachusetts*, 97 U. S. 25; *Freleigh v. The State*, 8 Mo. 606; *Robertson v. The State*, 12 Tex. Ct. App. 541.

ELLISON, J.—The defendant was tried and convicted for selling intoxicating liquor to a student of the Pilot Grove Collegiate Institute.

The cause was submitted to the trial court without a jury, on the following agreed statement of facts :

"That on or about the twenty-second day of February, 1888, the defendant sold a case of beer, containing thirty bottles or five gallons, to one Walter Steger, who at the time was a student attending the school known as the Pilot Grove Collegiate Institute, in the town of Pilot Grove, in Cooper county, Missouri; that the said Steger had formerly clerked for the defendant and was at the time of said sale about twenty-four years of age, which the defendant knew ; that defendant had no written prescription from a regular practicing physician in good standing and had no written order from the principal of said school which said Steger was attending and no written order or consent of the parent or guardian of said Steger."

The statute, under which the conviction was had, is as follows:

"Sec. 7276: Any person who shall knowingly sell, give, or in any manner dispose of any intoxicating liquor to any student of the state university, or of any school, college or academy in this state, shall be guilty of a misdemeanor; provided, that it shall be lawful for druggists to sell or give such liquor to any student upon the written prescription of a regular practicing physician in good standing, or upon the written order of the president of the university or college, or the principal of the school or academy at which such student may be in attendance, or by the written order or consent of the parent or guardian of such student; provided, that nothing in this section shall be so construed as to apply to any mercantile or business college."

The principal point relied upon by defendant, for a reversal of the judgment, is, that the word "student," as used in this section, only applies to minors, that is, to such students who have a "parent or guardian," and as the student in this case was beyond his majority, no offense was committed by selling him the beer.

We have considered the argument which defendant's counsel has advanced in support of this contention, but are not willing to adopt the construction he seeks to have us place upon this statute. The primary object of the statute is to preserve the morals of the student and the discipline of the school, either of which could be destroyed as well by one over twenty-one years of age indulging in the use of intoxicating liquors as by one under that age. There are, however, two other reasons found in other parts of the statute, which are against the construction contended for. One is, that if the statute is to be confined to students who are minors, it was an unnecessary enactment for it was before this unlawful to sell to minors without the consent of the parent or guardian, whether he be student or not.

R. S., sec. 5454. The other is, that by section 7267, Revised Statutes, appearing in the same act with the one under discussion, we find it declared that, "all youths, residents of the state of Missouri, betwixt the ages of sixteen and twenty-five years shall be admitted to all the privileges and advantages" of the state university. Thus showing that in the state university, the party to whom defendant sold the beer would have been recognized as a student. We will not, of course, be understood as holding that the word student, as used in section 7276, is confined to those between the ages of sixteen and twenty-five ; as we only refer to the matter at all, in order to show that the legislature, by the use of the word, student, was not intending to confine its application to those only who were minors.

Our conclusion is, that the intention of the law-maker was to prohibit the sale of intoxicating liquors to students, of the institutions named, without regard to age.

Though not embraced in the case as presented, the suggestion was made that if the law meant to include students who were more than twenty-one years of age, it was unconstitutional.

We, however, think there is no constitutional question in the case. The judgment, with the concurrence of the other judges, is affirmed.